[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT CT Page 2014
This is a medical malpractice action against several health care providers arising out of injuries sustained in an automobile accident by the decedent and subsequently treated by a life star crew and others.
Defendants Hartford Hospital, Sherry A. Stohler, Shelley Bianchi-Bowen, and Robert Graham move for summary judgment on two grounds: (1) that the plaintiff's claims are barred by the applicable statute of limitations, C.G.S. sections 52-555
and 52-584, and (2) that the conduct of these defendants was not a substantial cause of decedent's death.
Defendants concede that by petition dated June 5, 1989, plaintiff's attorney requested, pursuant to C.G.S. Sec.52-190a(b), a ninety-day extension of the statute of limitations for the purpose of allowing "reasonable inquiry" into the grounds for pursuing legal action against defendants. Dr. Ibrahim M. Daoud, Dr. Steven A. Belinkie and St. Francis Hospital. They concede that this request was granted, but argue that the extension was not applicable to the moving defendants, who were not named in the petition for extension.
C.G.S. Sec. 52-190a(a) requires an attorney filing an action seeking damages from a health care provider to make reasonable inquiry and to file a certificate that "such reasonable inquiry gave rise to a good faith belief that grounds exist for an action against each named defendant" (underscoring supplied).
Subsection (b) states:
 (b) Upon petition to the clerk of the court where the action will be filed, an automatic ninety-day extension of the statute of limitations shall be granted to allow the reasonable inquiry required by subsection (a) of this section. This period shall be in addition to other tolling periods.
The statute seems quite clear that the petition for CT Page 2015 extension under subsection (b) relates directly to the reasonable inquiry required by subsection (a), and therefore any extension would be limited to "each named defendant" against whom an action is contemplated.
No decision or authority interpreting this statute has been drawn to our attention. We conclude that under the plain language of the two sections, read together, if certain defendants are named in the petition for extension, the benefit of such extension may not be claimed for other defendants not so named.
Since the decedent died on June 10, 1987, and this action was not commenced until August 29, 1989, more than the two years limitations provided for in C.G.S. sections 52-555
and 52-584, plaintiff's claims against the moving defendants are barred by law.
In view of this conclusion, it becomes unnecessary to consider defendants' second claim.
Motion for Summary Judgment in favor of moving defendants granted.
Wagner, J.